**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GREGORIO MAXIMILIANO XIVIR-POP (A-No. 222-583-177),

Petitioner,

v.

CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-05421-JLT-EGC

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Before the Court is Gregorio Maximiliano Xivir-Pop's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*

*R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. FACTUAL BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States on or around April 20, 2019. (Doc. 1 at 6; Doc. 9 at 1.) Petitioner was not encountered by immigration officials at that time. (Doc. 9 at 2.) Petitioner indicates that he has lived in Oklahoma for the past couple of years. (Doc. 1 at 6.) Petitioner further indicates that he has been gainfully employed during this time. (*Id.*) According to the I-213, Petitioner does not have any pending applications for relief with USCIS. (Doc. 9 at 2.) On April 17, 2026, Petitioner was arrested by Oklahoma County Police for aggravated DUI. (*Id.*) Apart from his recent DUI arrest, for which the State failed to file charges, Petitioner has no other criminal history. (*Id.*) On April 18, 2026, ICE ERO encountered the Petitioner at the Oklahoma County Jail. (*Id.*) Upon release from jail on April 30, 2026, ICE took Petitioner into custody. (*Id.*) At that time, DHS issued a Notice to Appear charging Petitioner as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See id.*) Petitioner was subsequently transferred to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 1.)

## III. DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b), Petitioner's detention is "mandatory." (Doc. 7 at 1.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a).

The Court will also require Respondents comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6,

2026), because there is no evidence that Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
4. <u>**At least 72 hours before**</u> the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, <u>**at least 72 hours before**</u> the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

///

///

///

///

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 6, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE